knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

66. It was a part and an object of the conspiracy that JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," JOSELITO PERALTA, a/k/a "Piki," HANSER OLIVO LIRANZO, AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro," JOEL GABRIEL CASADO, a/k/a "Joel Casado Castillo," VANESSA ROSARIO, BRENDA SANTOS, and IRA KARP, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

67. The controlled substance involved in the offense was mixtures and substances containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 841(b)(1)(C).

### Overt Acts

68. In furtherance of the conspiracy and to effect the illegal object thereof, JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," JOSELITO PERALTA, a/k/a "Piki," HANSER OLIVO LIRANZO, AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro," JOEL GABRIEL CASADO, a/k/a "Joel Casado Castillo," VANESSA ROSARIO, BRENDA SANTOS, and IRA KARP,

the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about December 7, 2011, JUAN MANUEL TAVAREZ PADILLA and HANSER OLIVO LIRANZO, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, they discussed the price of Percocet, which contains oxycodone.

    b. On or about November 28, 2011, JUAN TAVAREZ and HANSER OLIVO LIRANZO, the defendants, engaged in a telephone conversation while TAVAREZ was in the Bronx, New York. During the conversation, in substance and part, LIRANZO told TAVAREZ that someone had 6,000 tablets of Percocet, which contains oxycodone, to sell at $4.50 per tablet. TAVAREZ told LIRANZO to wait until after TAVAREZ called someone else.

    c. On or about September 16, 2011, AURA CATALINA TAVAREZ and HANSER OLIVO LIRANZO, the defendants, engaged in a telephone conversation while TAVAREZ and LIRANZO were in the Bronx, New York. During the conversation, in substance and part, LIRANZO and TAVAREZ discussed oxycodone and prices.

    d. On or about August 20, 2011, JOSELITO PERALTA and AMAURIS A. ROSARIO, the defendants, engaged in a telephone conversation while ROSARIO was in New York, New York. During the conversation, in substance and part, PERALTA and ROSARIO

discussed oxycodone tablets that ROSARIO had and the price another person would pay for them.

   e.   On or about December 4, 2011, JOEL GABRIEL CASADO and HANSER OLIVO LIRANZO, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, LIRANZO and CASADO discussed the price of oxycodone tablets that CASADO would purchase from someone else to sell to LIRANZO.

   f.   On or about September 22, 2011, VANESSA ROSARIO and JOSELITO PERALTA, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, PERALTA and ROSARIO discussed various types of oxycodone tablets.

   g.   On or about December 4, 2011, BRENDA SANTOS and HANSER OLIVO LIRANZO, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, LIRANZO asked whether SANTOS needed Percocet tablets, which contain oxycodone, and said that he had more than 2,000 of them. SANTOS replied that she would check and call LIRANZO back.

   h.   In or about December 2011, IRA KARP, the defendant, purchased approximately 1,000 oxycodone tablets from JUAN MANUEL TAVAREZ PADILLA, the defendant, at KARP's residence in New York, New York, which KARP intended to sell to another individual.

   (Title 21, United States Code, Section 846.)

COUNT FIVE

(Narcotics Conspiracy)

The Grand Jury further charges:

69. The allegations contained in paragraphs 1 through 41 and 57(a) through (nn) above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

THE DEFENDANTS

70. As alleged below, several of the defendants involved in the scheme charged in Counts One and Two also conspired with each other and the following individuals to distribute and possess with the intent to distribute prescription drugs that are controlled substances:

a. At various times relevant to the charges in this Indictment, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, and MILAGROS ACEVEDO, the defendants, sold controlled substances to the SANTANA Organization for distribution.

b. At various times relevant to the charges in this Indictment, LUIS ABREU, the defendant, purchased large amounts of controlled substances from the SANTANA Organization, which ABREU intended to distribute in and around Massachusetts.

STATUTORY ALLEGATIONS

71. In or about 2011, in the Southern District of New York and elsewhere, LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo,"

CAYETANO PAULINO, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, MILAGROS ACEVEDO, and LUIS ABREU, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

72. It was a part and an object of the conspiracy that LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, MILAGROS ACEVEDO, and LUIS ABREU, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

73. The controlled substances involved in the offense were (1) mixtures and substances containing a detectable amount of oxycodone; and (2) mixtures and substances containing a detectable amount of oxymorphone, in violation of 21 U.S.C. § 841(b)(1)(C).

Overt Acts

74. In furtherance of the conspiracy and to effect the illegal object thereof, LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, MILAGROS ACEVEDO, and LUIS ABREU the defendants, and others known and unknown, committed

the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about July 8, 2011, LUIS SANTANA and LUIS ABREU, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, SANTANA and ABREU discussed the purchase and sale of various types of oxycodone tablets with different imprints on them.

    b. On or about August 1, 2011, LUIS ABREU, the defendant, traveled from Massachusetts to the Bronx, New York, to pick up controlled substances.

    c. On or about July 22, 2011, BAYOHAN DIAZ and CAYETANO PAULINO, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, DIAZ asked whether CAYETANO could obtain oxymorphone tablets to sell to DIAZ, and they discussed the price.

    d. On or about July 8, 2011, JOSE FELIPE and LUIS SANTANA, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, SANTANA asked whether FELIPE had oxycodone for him and discussed controlled prescription drugs that FELIPE had provided to SANTANA previously.

    e. On or about July 19, 2011, BENITO DURAN and BAYOHAN DIAZ, the defendants, engaged in a telephone conversation. During the conversation, in substance and part,

DIAZ told DURAN that he wanted blue oxycodone tablets with "M 30" imprinted on them.

   f.   On or about July 28, 2011, ARELIS LEE and BAYOHAN DIAZ, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, LEE asked DIAZ whether LEE should make a deal for 40 mg tablets of oxymorphone. DIAZ instructed LEE to make sure they were 40 mg tablets.

   g.   On or about August 11, 2011, MILAGROS ACEVEDO and BAYOHAN DIAZ, the defendants, engaged in a telephone conversation. During the conversation, in substance and part, DIAZ agreed to purchase oxycodone tablets from ACEVEDO if she delivered them to him.

(Title 21, United States Code, Section 846.)

## COUNT SIX

(Money Laundering Conspiracy)

The Grand Jury further charges:

75.   The allegations contained in paragraphs 1 through 41 and 57(a) through (nn) above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

76.   From at least in or about August 2011, up to and including in or about January 2012, in the Southern District of New York and elsewhere, ALEX ORIA, JOE H. NELSON, and KENNETH NELSON, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree

57

together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957(a).

77.  It was a part and an object of the conspiracy that ALEX ORIA, JOE H. NELSON, and KENNETH NELSON, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of prescription drug trafficking offenses constituting mail fraud, wire fraud and health care fraud, with intent to promote the carrying on of specified unlawful activitity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

78.  It was further a part and an object of the conspiracy that ALEX ORIA, JOE H. NELSON, and KENNETH NELSON, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of

prescription drug trafficking offenses constituting mail fraud, wire fraud and health care fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

79. It was further a part and an object of the conspiracy that ALEX ORIA, JOE H. NELSON, and KENNETH NELSON, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the proceeds of prescription drug trafficking offenses constituting mail fraud, wire fraud and health care fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

80. As a result of committing the conspiracy to commit mail fraud, wire fraud, and health care fraud offense alleged in Count One of this Indictment, JUAN CARLOS VIERA, a/k/a "Gordo," a/k/a "Jon Jon," JOSE MANUEL DOMINGUEZ, a/k/a "Flaco," JULIO DOMINGUEZ, CARLOS ALBERTO PADRON, a/k/a "Lindo," a/k/a "Carlos

Alberto Padron Pena," JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," EDWIN M. TAVAREZ, a/k/a "Junior," a/k/a "Chepe," ISRAEL TACHER, a/k/a "Capi," a/k/a "El Judio," ROBERTO TACHER, a/k/a "Robertico," VANESSA ROSARIO, ELIGIO ARMAS, EDUARDO DIAZ, CARLOS PERALTA, a/k/a "Platano," a/k/a "Chino," JOSELITO PERALTA, a/k/a "Piki," JUAN CARLOS PERALTA, HANSER OLIVO LIRANZO, KELVIN MANUEL MARTINEZ TAVERAS, GLENN LUIS CABRERA, a/k/a "Luigi," FARY R. CABA PADILLA, MIGUEL PADILLA, AMERICO LUIS GARCIA DOMINGUEZ, WILFRED RODRIGUEZ, a/k/a "Wilson," JOSE RAMON GONZALEZ, a/k/a "Chamon," ALEX JUSTO, YOEL FERNANDEZ RIVERO, a/k/a "Mango," AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro," JACQUELINE JIMENEZ, a/k/a "Morena," LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, ARMANDO GARCIA, SERGIO NOVO, LAZARO OSPINA, ALEX ORIA, JOE H. NELSON, KENNETH NELSON, CONRADO VAZQUEZ, EFREN RUIZ, a/k/a "Socio," and ABEL GONZALEZ, a/k/a "Abelito," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

81. As a result of committing the conspiracy to commit mail fraud, wire fraud, and health care fraud offense alleged in Count One of this Indictment, JUAN CARLOS VIERA, a/k/a "Gordo,"

a/k/a "Jon Jon," JOSE MANUEL DOMINGUEZ, a/k/a "Flaco," JULIO DOMINGUEZ, CARLOS ALBERTO PADRON, a/k/a "Lindo," a/k/a "Carlos Alberto Padron Pena," JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," EDWIN M. TAVAREZ, a/k/a "Junior," a/k/a "Chepe," ISRAEL TACHER, a/k/a "Capi," a/k/a "El Judio," ROBERTO TACHER, a/k/a "Robertico," VANESSA ROSARIO, ELIGIO ARMAS, EDUARDO DIAZ, CARLOS PERALTA, a/k/a "Platano," a/k/a "Chino," JOSELITO PERALTA, a/k/a "Piki," JUAN CARLOS PERALTA, HANSER OLIVO LIRANZO, KELVIN MANUEL MARTINEZ TAVERAS, GLENN LUIS CABRERA, a/k/a "Luigi," FARY R. CABA PADILLA, MIGUEL PADILLA, AMERICO LUIS GARCIA DOMINGUEZ, WILFRED RODRIGUEZ, a/k/a "Wilson," JOSE RAMON GONZALEZ, a/k/a "Chamon," ALEX JUSTO, YOEL FERNANDEZ RIVERO, a/k/a "Mango," AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro," JACQUELINE JIMENEZ, a/k/a "Morena," LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, ARMANDO GARCIA, SERGIO NOVO, LAZARO OSPINA, ALEX ORIA, JOE H. NELSON, KENNETH NELSON, CONRADO VAZQUEZ, EFREN RUIZ, a/k/a "Socio," and ABEL GONZALEZ, a/k/a "Abelito," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds traceable to such offense.

82. As a result of committing the conspiracy to commit trafficking in counterfeit goods offense alleged in Count Three of this Indictment, JOSELITO PERALTA, a/k/a "Piki," and VANESSA ROSARIO, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds traceable to such offense.

83. As a result of committing the conspiracy to commit trafficking in counterfeit goods offense alleged in Count Three of this Indictment, JOSELITO PERALTA, a/k/a "Piki," and VANESSA ROSARIO, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 2323 (a)(1)(C) and (b), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the commission of such offense.

84. As a result of committing the conspiracy to commit trafficking in counterfeit goods offense alleged in Count Three of this Indictment, JOSELITO PERALTA, a/k/a "Piki," and VANESSA ROSARIO, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 2323 (a)(1)(B) and (b), any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense.

85. As a result of committing the conspiracy to commit trafficking in counterfeit goods offense alleged in Count Three of this Indictment, JOSELITO PERALTA, a/k/a "Piki," and VANESSA

ROSARIO, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 2323 (a)(1)(A) and (b), any article the making or trafficking of which is prohibited under 18 U.S.C. § 2320.

86. As a result of committing the conspiracy to violate the narcotics laws of the United States offenses alleged in Counts Four and Five of this Indictment, JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," JOSELITO PERALTA, a/k/a "Piki," HANSER OLIVO LIRANZO, AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro," JOEL GABRIEL CASADO, a/k/a "Joel Casado Castillo," VANESSA ROSARIO, BRENDA SANTOS, IRA KARP, LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, MILAGROS ACEVEDO, and LUIS ABREU, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 852(a)(1), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

87. As a result of committing the conspiracy to violate the narcotics laws of the United States offenses alleged in Counts Four and Five of this Indictment, JUAN MANUEL TAVAREZ PADILLA, JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene," AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa," JOSELITO PERALTA, a/k/a "Piki," HANSER OLIVO LIRANZO, AMAURIS A.

ROSARIO, a/k/a "Maro," a/k/a "Mauro," JOEL GABRIEL CASADO, a/k/a "Joel Casado Castillo," VANESSA ROSARIO, BRENDA SANTOS, IRA KARP, LUIS SANTANA, BAYOHAN DIAZ, a/k/a "Bayo," CAYETANO PAULINO, JOSE FELIPE, a/k/a "Gino," BENITO DURAN, a/k/a "Beano," ARELIS LEE, MILAGROS ACEVEDO, and LUIS ABREU, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 852(a)(2), any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offenses.

88. As a result of committing the conspiracy to money laundering offense alleged in Count Six of this Indictment, ALEX ORIA, JOE H. NELSON, and KENNETH NELSON, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal, involved in such offense, and any property traceable to such property.

<u>Substitute Assets Provision</u>

89. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other described forfeitable property.

(Title 18, United States Code, Sections 981, 982, and 2323
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
UNITED STATES ATTORNEY

> LUIS ABREU,
> JOEL GABRIEL CASADO, a/k/a "Joel Casado Castillo,"
> JOSE FELIPE, a/k/a "Gino,"
> BENITO DURAN, a/k/a "Beano,"
> ARELIS LEE,
> MILAGROS ACEVEDO,
> ALEX ORIA
> JOE H. NELSON,
> KENNETH NELSON,
> CONRADO VAZQUEZ,
> ABEL GONZALEZ, a/k/a "Abelito," and
> EFREN RUIZ, a/k/a "Socio,"
>
> **Defendants.**

## SUPERSEDING INDICTMENT

S2 11 Cr. 1072 (DLC)

(18 U.S.C. §§ 371, 1349, 1956, 2320, 981, 982, and 2323; 21 U.S.C. §§ 846, 853; 28 U.S.C. § 2461.)


PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JUAN CARLOS VIERA, a/k/a "Gordo," a/k/a "Jon Jon,"
JOSE MANUEL DOMINGUEZ, a/k/a "Flaco,"
JULIO DOMINGUEZ,
CARLOS ALBERTO PADRON, a/k/a "Lindo," a/k/a "Carlos Alberto
Padron Pena,"
JUAN MANUEL TAVAREZ PADILLA,
JUAN TAVAREZ, a/k/a "Patron," a/k/a "Jefe," a/k/a "Nene,"
AURA CATALINA TAVAREZ, a/k/a "La Patrona," a/k/a "Jefa,"
EDWIN M. TAVAREZ, a/k/a "Junior," a/k/a "Chepe,"
ISRAEL TACHER, a/k/a "Capi," a/k/a "El Judio,"
ROBERTO TACHER, a/k/a "Robertico,"
VANESSA ROSARIO,
ELIGIO ARMAS,
EDUARDO DIAZ,
CARLOS PERALTA, a/k/a "Platano," a/k/a "Chino,"
JOSELITO PERALTA, a/k/a "Piki,"
JUAN CARLOS PERALTA,
HANSER OLIVO LIRANZO,
KELVIN MANUEL MARTINEZ TAVERAS,
GLENN LUIS CABRERA, a/k/a "Luigi,"
FARY R. CABA PADILLA,
MIGUEL PADILLA,
AMERICO LUIS GARCIA DOMINGUEZ,
WILFRED RODRIGUEZ, a/k/a "Wilson,"
JOSE RAMON GONZALEZ, a/k/a "Chamon,"
ALEX JUSTO,
YOEL FERNANDEZ RIVERO, a/k/a "Mango,"
AMAURIS A. ROSARIO, a/k/a "Maro," a/k/a "Mauro,"
JACQUELINE JIMENEZ, a/k/a "Morena,"
LUIS SANTANA,
BAYOHAN DIAZ, a/k/a "Bayo,"
CAYETANO PAULINO,
ARMANDO GARCIA,
SERGIO NOVO,
LAZARO OSPINA,
BRENDA SANTOS,
IRA KARP,

8/14/12 Fld. Superseding Indictment

Pitman, USMJ